1  THOMAS N. STEWART, III - #88128
   ATTORNEY AT LAW
2  369 BLUE OAK LANE, 2nd FLOOR
   CLAYTON, CA 94517
3  TELEPHONE (925) 672-8452
   TELEFAX (925) 673-1729
4  Attorneys for Michael Fernandes

ORIGINAL

WDB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 5552

9  MICHAEL FERNANDES,                    Case No.  C 07-
                                         Civil Rights
10      Plaintiff,

                                         COMPLAINT FOR PRELIMINARY AND
11  v.                                   PERMANENT INJUNCTIVE RELIEF AND
                                         DAMAGES: DENIAL OF CIVIL RIGHTS AND
12  GABRIEL and LAI HAR CHIU,            PUBLIC FACILITIES TO PHYSICALLY
                                         DISABLED PERSONS (CIVIL CODE §§ 54,
                                         54.1 AND 55; INJUNCTIVE RELIEF PER
13                                       TITLE III, AMERICANS WITH DISABILITIES
                                         ACT OF 1990
14
        Defendants.
15  _____/

16      Plaintiff, Michael Fernandes, alleges:

17      FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
    FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
18              PUBLIC FACILITIES AT A BAR (Civil Code §§ 51, 54.1)

19  1.    Plaintiff suffers from "Ataxia", does not have the substantial use of his legs and is a

20  "person with a disability" and "physically handicapped person".  Plaintiff requires the use of a

21  wheelchair for locomotion and is either unable to use portions of public facilities which are not

22  accessible to disabled persons who require the use of a wheelchair or is only able to use such

23      Complaint                              1

1    portions with undue difficulty. When barriers are removed, Plaintiff is able to swing himself

2    from his wheelchair onto a toilet.

3    2. The Club Q bar located at 1611 A Street, Antioch, California (the Bar) is a Bar which is

4    open to the public. Defendant owns the real property where the Bar is located.

5    3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

6    situated at the Bar on September 30, October 15 and October 23, 2007 (the Dates). Plaintiff

7    was denied equal protection of the law and was denied Civil Rights under both California law

8    and federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal

9    access at the Bar because of its inaccessible parking lot and men's restroom, all of which made

10   the Bar not properly accessible to Plaintiff and to others similarly situated. Plaintiff seeks

11   injunctive relief to require Defendants to correct those barriers, to comply with ADAAG and

12   the CBC where required, to remove all barriers to access in the Bar which are readily

13   achievable, to make all reasonable accommodations in policy in order to enable Plaintiff and

14   others similarly situated to use the Bar and at minimum, to use readily achievable alternative

15   methods to enable Plaintiff to use the goods and services which the Bar makes available to the

16   non-disabled public. Plaintiff also seeks the recovery of damages for his personal damages

17   involved in the discriminatory experiences on the Dates, and seeks recovery of reasonable

18   attorney's fees and litigation expenses and costs according to statute.

19   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

20   violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

21   supplemental jurisdiction, attendant and related causes of action arising from the same facts are

22

23

Complaint                          2

1   also brought under California law, including but not limited to violations of California Civil

2   Code §§ 51, 54, 54.1 and 55.

3   5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

4   that the location where Plaintiff experienced his discrimination is located in this district and

5   that Plaintiff's causes of action arose in this district.

6   6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

7   incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

8   7. The Bar is a "public accommodation or facility" subject to the requirements of California

9   Civil Code § 51, 54, 54.1 and 55.

10  8. Placeholder.

11  9. Defendant is and was the owner, operator, manager, lessor and lessee of the subject Bar at

12  all times relevant herein.  Plaintiff is informed and believes that each of the Defendants is and

13  was the agent, employee or representative of each of the other Defendants, and performed all

14  acts and omissions stated herein within the scope of such agency or employment or

15  representative capacity and is responsible in some manner for the acts and omissions of the

16  other Defendants in proximately causing the damages complained of herein.

17  10. Plaintiff and others similarly situated are disabled persons who require the use of a

18  wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

19  facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

20  the regulations thereof.  Under Civil Code §§ 51 and 54.1, Defendants were required to comply

21  with the requirements of the Americans with Disabilities Act of 1990 and the federal

22

23

Complaint                    3

regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took place at the Bar.

11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places. CC §§ 51 and 54(c) state that a violation of the Americans with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that individuals with disabilities are entitled to "full and equal access" to public accommodations and that such access means that which meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a defendant who denies or interferes with a disabled person's rights of access is liable for actual damages and attorneys' fees.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include those which are the subject of this action. On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

Complaint                                    4

1    13. The Bar's "accessible" parking space and access aisle are not level. The men's restroom at

2    the Bar is inaccessible to people in wheelchairs.

3        On each of the Dates, Plaintiff patronized the Bar. At those times, Plaintiff was

4    subjected to barriers in the parking lot and the restroom. As a result, Plaintiff is entitled to

5    statutory damages in an amount according to proof.

6    14. Defendant's failure to create accessible parking and restrooms, remove all readily

7    achievable barriers, institute policies in furtherance of accessibility or at least have an alternate

8    policy to enable Plaintiff to use the goods and services offered to the non-disabled public

9    without having to suffer the indignities, as aforesaid, was a violation of the California Building

10    Code, the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and

11    as a consequence, was a violation of Civil Code §§ 51 and 54, et seq.

12    15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

13    Defendant at the Bar as stated above which appear to be continuing, and which have the effect

14    of wrongfully excluding Plaintiff and others similarly situated from using the Bar. Plaintiff will

15    patronize the Bar again once the barriers are removed. Such acts and omissions are the cause of

16    humiliation and inconvenience of Plaintiff in that these actions continue to treat Plaintiff as an

17    inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that

18    Plaintiff is a person with a disability and requires the use of a wheelchair for movement in

19    public places. Plaintiff is unable so long as such acts and omissions of Defendant continue, to

20    achieve equal access to and use of this public facility. The acts of Defendant have proximately

21    caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

22

23

Complaint                                5

16. Damages: As a result of the denial of equal access to the Bar and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the Bar, Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to barriers at the Bar. Plaintiff also seeks trebling of all of the actual damages as provided by Civil Code § 54.3.

17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§ 52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney's fees, litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the Americans with Disabilities Act

Complaint                                6

1  of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to

2  the Bar; for statutory damages pursuant to CC § 52; for actual and treble damages pursuant to

3  CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

4  **SECOND CLAIM FOR RELIEF:**
   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
5  **42 USC §§ 12101 FF**

6  19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

7  20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

8  regarding physically disabled persons, finding that laws were needed to more fully protect

9  "some 43 million Americans [with] one or more physical or mental disabilities"; that

10  "historically society has tended to isolate and segregate individuals with disabilities"; and that

11  "such forms of discrimination against individuals with disabilities continue to be a serious and

12  pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities

13  are to assure equality of opportunity, full participation, independent living and economic self

14  sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary

15  discrimination and prejudice denies people with disabilities the opportunity to compete on an

16  equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

17  21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

18  §12101(b)):

19  It is the purpose of this act
20  (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

21  (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
22  against individuals with disabilities;

23  Complaint                    7

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day to day* by people with disabilities (emphasis added).

22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a Bar (Regulation 36.104).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included:

*§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ...";

*§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable". The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. Because the Bar was not accessible, Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the Bar's services without having to suffer the indignities as aforesaid.

26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this Title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §12182. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before the Dates. Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

of the ADA who is being subjected to discrimination on the basis of disability in violation of

Title III and who has reasonable grounds for believing he will be subjected to such

discrimination each time that he may attempt to patronize the Bar.

Wherefore Plaintiff prays for relief as hereinafter stated:

## PRAYER

1. Issue a preliminary and permanent injunction directing Defendants to modify its

facilities as required by law to comply with the ADAAG and the CBC where required, remove

all barriers where it is readily achievable to do so, institute policies in furtherance of

accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

offered to the non-disabled public so that it provides adequate access to all citizens, including

persons with disabilities; and issue a preliminary and permanent injunction directing

Defendants to maintain its facilities usable by plaintiff and similarly situated persons with

disabilities in compliance with federal regulations, and which provide full and equal access, as

required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

public facilities as complained of herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate statutory damages;

4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

Complaint                          10

1    of this proceeding as provided by law; and

2        5. Grant such other and further relief as this Court may deem just and proper.

3    Date: October 30, 2007

4

5

6                ___S/Thomas N. Stewart, III_____
                   Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23       Complaint                  11