## RELEASE AND SETTLEMENT AGREEMENT

The Parties to this Mutual Release and Settlement Agreement are Michael Fernandes (hereinafter referred to as "Plaintiff"), and Gabriel and Lai Har Chiu (hereinafter referred to as "Defendants"). The parties wish to enter a full and complete compromise and settlement with regard to any and all matters arising out of United States District Court, Northern District, action number C 07-5552-WDB (hereinafter referred to as the "Action").

Pursuant to the terms expressed herein, the Parties, individually and on behalf of their heirs, executors, administrators and agents, hereby enters into this Release and Settlement Agreement upon the following terms and conditions:

1.A.  Within 20 days hereof, Defendants shall cause to be paid to Plaintiff the sum of $10,393.75. The check shall be made payable to "Thomas N. Stewart, III client trust account", whose tax identification number is [redacted].

1.B.  The property at issue is the Antioch Shopping Center and "Club Q", which is located in the Antioch Shopping Center, located at 1611 A Street, Antioch, California (the Center). Defendants own the real property where the Center is located. Within 9 months hereof, Defendants shall make all of the modifications to the Center set forth in March 24, 2008 Report by Kim R. Blackseth, except that neither the entry door, nor the restroom alcove hallway need be widened. Defendants shall give written notice of completion to Plaintiff's counsel immediately upon completion of the work.

2.  In consideration for such payment and corrections, Plaintiff shall dismiss the entire Action with prejudice. As a part of the dismissal, the parties will ask the Court to retain

Jurisdiction for one year after the date the Dismissal is filed for the purposes of enforcement of this Agreement.

3. In further consideration of this payment, Plaintiff shall hold Defendants harmless from the indemnity claims of any others who have paid or will pay money on account of Plaintiff's injuries in connection with the Action.

4. The parties hereby release and forever discharge each other and their representatives, agents, affiliates, partners, shareholders, officers, directors, heirs, attorneys, administrators, executors, and predecessors, from any and all actions, causes of action, claims, demands, costs, expenses, liability, attorney's fees and debts whatsoever, in law or in equity, in any way related to, arising from, or connected with the facts and circumstances pertaining to the Action.

5. The parties agree that no representation or promise not expressly contained in this Release has been made and further acknowledge that the parties are not entering into this Release on the basis of any promise or representation, express or implied, not otherwise contained herein. This Release contains the entire agreement between the parties hereto and the terms hereof are contractual and not a mere recital. This Release supersedes any prior agreement and contains the entire agreement of the parties. Each party hereto has fully and personally investigated the subject matters of this Release and does not rely on any statement, fact or opinion of any other party to this Release.

6. This Release is a release of all claims for injury and damages to persons and/or property, whether such injuries and damages be known or unknown, foreseen or unforeseen, and

whether they are latent or occur later. This Release is a release of liability for physical injuries, emotional distress injuries and of violation of civil rights. This Release is a release of all claims that the property is in violation of disability laws, subject to the performance by Defendants of the corrective work stated in paragraph 1B, above.

7. The parties each represent that they have read and fully understand the statutory language of Sections 1542 of the Civil Code of the State of California and on that basis expressly and specifically waive all rights under this statute, which reads as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, which if known by him/her must have materially affected his/ her settlement with the debtor."**

8. The parties hereto acknowledge and agree that this Release is entered into as a compromise and settlement which is not in any respect or for any purpose to be deemed or construed as an admission or concession of any liability whatsoever on the part of any party.

9. It is further agreed and understood that time is of the essence pursuant to this Release and that the rule interpreting any ambiguity in a contract against the party drafting the document shall be of no force and effect. Further, any interpretation of this document shall be pursuant to the laws of the State of California.

10. This Release shall be binding on and inure to the benefit of the parties and their respective heirs, representatives, successors and assigns.

11. This Release may be executed in separate counterparts by the several parties hereto and shall be effective when one counterpart has been executed by each of the parties. A faxed signature shall be deemed equivalent to an original signature.

04/29/2008  01:28   9255569888                                                                PAGE  01

Apr 29 08 09:58a     Tom Stewart                        (925) 673-1729            p.5

12. This Agreement shall be enforceable by either party by the filing of an independent action or a motion to enforce in the underlying Action. The Court shall be asked to retain jurisdiction of this Action for one year after the date the Dismissal is filed for that purpose. Before filing any such independent action or motion, Plaintiff must provide 30 days written notice to the Defendants' legal department, giving the Defendants the opportunity to agree to correct any claimed violations of this agreement. Should Plaintiff thereafter file an independent action or a motion to enforce, or should Defendants, the prevailing party or catalyst in any such independent action or motion shall be entitled to an award of attorneys' fees.

DATED: _____

DATED: 4/29/08                          Plaintiff [signature]
                                        Gabriel or Lai Har Chiu

APPROVED AS TO FORM:

DATED: _____                       _____
                                        Attorney for Plaintiff

DATED: 4/29/08                          [signature]
                                        Attorney for Defendants

4

12. This Agreement shall be enforceable by either party by the filing of an independent action or a motion to enforce in the underlying Action. The Court shall be asked to retain jurisdiction of this Action for one year after the date the Dismissal is filed for that purpose. Before filing any such independent action or motion, Plaintiff must provide 30 days written notice to the Defendants' legal department, giving the Defendants the opportunity to agree to correct any claimed violations of this agreement. Should Plaintiff thereafter file an independent action or a motion to enforce, or should Defendants, the prevailing party or catalyst in any such independent action or motion shall be entitled to an award of attorneys' fees.

DATED: 4.29.08                                  _____
                                                 Plaintiff

DATED: _____                          _____
                                                 Gabriel or Lai Har Chiu


APPROVED AS TO FORM:

DATED: 4/29/08                                  _____
                                                 Attorney for Plaintiff

DATED: _____                          _____
                                                 Attorney for Defendants